# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

VICTORIA M. THOMAS                                              PLAINTIFF

V.                          NO. 4:19CV00713 BSM-PSH

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION[1]                               DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Victoria M. Thomas, applied for disability benefits on December 3, 2016, alleging disability beginning on August 11, 2015. (Tr. at 41). The application

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Thomas's claim. (Tr. at 250). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Thomas has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

**II.    The Commissioner's Decision:**

The ALJ found that Ms. Thomas had not engaged in substantial gainful activity from the alleged onset date of August 11, 2015 through the date-last-insured of December 31, 2018. (Tr. at 43). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Thomas had the following severe impairments: affective disorder, anxiety, personality disorder, headaches, and seizure disorder. *Id.*

After finding that Ms. Thomas's impairments did not meet or equal a listed impairment (Tr. at 43-44), the ALJ determined that Ms. Thomas had the residual functional capacity ("RFC") to perform work at the light exertional level, with limitations. (Tr. at 45). She cannot climb ropes, ladders, or scaffolds. *Id*. She must avoid hazards including unprotected heights and moving machinery. *Id*. She can perform work limited to simple, routine, and repetitive tasks with only occasional contact with supervisors, coworkers, and the public. *Id*. She can respond to supervision that is simple, direct, and concrete. *Id*.

The ALJ next found that Ms. Thomas was unable to perform any of her past relevant work. (Tr. at 49). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Thomas' age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 49-50). Therefore, the ALJ found that Ms. Thomas was not disabled. *Id*.

### III. Discussion:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Ms. Thomas's Arguments on Appeal

Ms. Thomas contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ did not properly develop the record; (2) the ALJ did not fully consider Ms. Thomas's subjective complaints; and (3) the RFC did not fully incorporate her limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Thomas treated her headaches and seizures with Topamax, which she said

4

was helpful. (Tr. at 460-464). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). In May 2018, she said she was doing well with no seizures. (Tr. at 473).

Ms. Thomas saw Dr. John Westwood, M.D., throughout the relevant time-period, and she generally had normal thought-process and she was cooperative and pleasant. (Tr. at 364, 401, 513). She said Lithium had helped her moods, and she said in October 2017 that she was not as depressed or anxious. (Tr. at 363, 515). She told her therapist that she liked getting outside and doing yard work and was excited to see her granddaughter. (Tr. at 442, 553). She could do things like do laundry, fix simple meals, shop in stores, and watch TV. (Tr. at 273-280). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Ms. Thomas' ability to perform daily activities remained in spite of her habitual non-compliance with treatment. She admitted she dropped out of treatment for depression, and in June 2018, she told her therapist that she was not taking her medications as prescribed. (Tr. at 423, 566). A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of her alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

Dr. Westwood filled out two medical sources statements, which were simply

5

short checkbox forms with no elaboration or citation to record evidence. (Tr. at 384-385, 455-459). He said Ms. Thomas had no useful ability in a variety of mental functional areas. *Id*. This was contradicted by her generally normal mental status examinations, her improvement with treatment, and her daily activities. She was also treated conservatively and did not require inpatient hospitalization. Dr. Westwood's statements were also in conflict with the examining psychologist, who found minimal mental limitations. The psychologist noted that Ms. Thomas had normal, stable mood, linear and relevant thought-process, and no significant memory impairment. (Tr. at 388-395). He diagnosed anxiety and depression but did not think those impairments would significantly limit work function. *Id*. This opinion was consistent with the evidence, including the two state-agency reviewing expert opinions limiting Ms. Thomas to simple work. (Tr. at 120-139).

While an ALJ has a duty to fairly develop the record, it is not never-ending. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). No further consultative examination was required because the examiner's opinion was consistent with the treatment record, and with the reviewing expert opinions. The record was fully developed.

Ms. Thomas's assertion that the ALJ failed to fully consider her subjective complaints is not persuasive. When evaluating a claimant's subjective complaints of

6

pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*. The ALJ mentioned Ms. Thomas's daily activities, her positive response to medication, her gaps in treatment, and her noncompliance. (Tr. at 41-50). He also carefully analyzed the medical opinions. He did not err in his evaluation of subjective complaints.

Finally, Ms. Thomas argues that the RFC did not fully incorporate her limitations. A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). The RFC for light work reflected seizure precautions and Ms. Thomas did not present evidence to contradict the RFC limitation to simple work. She had some mental impairments, but she did not show that all work was precluded by them.

## IV.  Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Thomas was not disabled. The ALJ based his decision on a fully developed record, he properly assessed Ms. Thomas' subjective complaints, and the RFC fully incorporated her limitations. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 21st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE